UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

MALVIN LOUIS RUSHTON,

        Petitioner,

v.                                                   Case Number: 07-13936
                                                      Honorable Patrick J. Duggan

MARY BERGHUIS,

        Respondent.
_____/

**<u>ORDER GRANTING PETITIONER'S MOTION FOR A STAY
AND DIRECTING THE CLERK TO CLOSE THIS CASE
FOR ADMINISTRATIVE PURPOSES</u>**

At a session of said Court, held in the U.S.
District Courthouse, Eastern District
of Michigan on May 27, 2008.

PRESENT: THE HONORABLE PATRICK J. DUGGAN
                U.S. DISTRICT COURT JUDGE

Petitioner Malvin Louis Rushton ("Petitioner") has filed a *pro se* application for the writ of habeas corpus pursuant to 28 U.S.C. § 2254. Presently before the Court is Petitioner's motion to stay the habeas proceedings to allow Petitioner the opportunity to exhaust ineffective assistance of counsel claims in the state courts, filed April 24, 2008.

**Background**

In 2005, Petitioner pleaded guilty to second-degree murder and was sentenced to forty to sixty years' imprisonment. Petitioner filed a delayed application to file a direct appeal, which the Michigan Court of Appeals dismissed as untimely on August 4, 2006. *People v. Rushton*, No. 271639 (Mich. Ct. App. Aug. 4, 2006). Petitioner thereafter filed

a delayed application for leave to appeal in the Michigan Supreme Court, which the Court denied on November 29, 2006. *People v. Rushton*, 477 Mich. 948, 723 N.W.2d 867 (2006). Petitioner filed his pending habeas corpus petition on September 18, 2007.

Petitioner raises a single claim in his current petition, challenging the scoring of the State's sentencing guidelines. The State filed a response on April 9, 2008, urging the Court to deny the habeas petition with prejudice on the ground that Petitioner's claim clearly lacks merit. Petitioner then filed the pending motion, in which he seeks to stay the habeas proceedings to allow him the opportunity to exhaust ineffective assistance of counsel claims in the state courts.

In his motion, Petitioner indicates that he wants to exhaust state remedies for two new claims alleging that his trial and appellate attorneys provided ineffective assistance of counsel. Petitioner alleges that his trial counsel provided erroneous advice and failed to preserve the sentencing error with a proper objection. Petitioner contends that his first appellate attorney withdrew from his case before perfecting an appeal and that his second appellate attorney failed to file a timely application for leave to appeal.

## Analysis

State prisoners are required to exhaust available state remedies before seeking a federal writ of habeas corpus. 28 U.S.C. § 2254(b)(1); *Baldwin v. Reese*, 541 U.S. 27, 29, 124 S. Ct. 1347, 1349 (2004). The exhaustion doctrine requires prisoners to "give the state courts one full opportunity to resolve any constitutional issues by invoking one complete round of the State's established appellate review process." *O'Sullivan v.*

*Boerckel*, 526 U.S. 838, 845, 119 S. Ct. 1728, 1732 (1999). Stay and abeyance are appropriate if (1) there was good cause for the petitioner's failure to exhaust state remedies for his claims in state court, (2) the unexhausted claims are not plainly meritless, and (3) the petitioner is not engaged in abusive litigation tactics or intentional delay. *Rhines v. Weber*, 544 U.S. 269, 277-78, 125 S. Ct. 1528, 1535 (2005).

Petitioner failed to properly exhaust state remedies for his pending claim by filing a timely application for leave to appeal in the Michigan Court of Appeals. In addition, he has asserted two new claims, which have never been presented to the state courts. He has an available state remedy to exhaust, and the dismissal of this action could result in a subsequent habeas petition being barred by the one-year statute of limitations set forth in 28 U.S.C. § 2244(d). Furthermore, Petitioner does not appear to be engaged in abusive litigation tactics and his unexhausted claims are not plainly meritless.

The Supreme Court advised in *Rhines* that, when a district court determines that a stay is appropriate pending exhaustion of state court remedies, the court "should place reasonable time limits on a petitioner's trip to state court and back." 544 U.S. at 278, 125 S. Ct. at 1535. To ensure that Petitioner does not delay in exhausting his state court remedies, the Court imposes the time limits set forth below within which Petitioner must proceed.

## Conclusion

Petitioner's motion to stay the habeas corpus proceedings is **GRANTED**. The proceedings in this case are stayed pending Petitioner's exhaustion of his state court

3

remedies provided that: (1) Petitioner presents his unexhausted claims to the state court within **sixty (60) days** from the date of this order and (2) Petitioner returns to this Court within **sixty (60) days** of exhausting his state court remedies and files (*in the above-captioned case*) a motion to lift the stay and to file an amended petition adding the exhausted claims.[1]

To avoid administrative difficulties, the Clerk shall **CLOSE** this case for statistical purposes only. Nothing in this order or in the related docket entry shall be considered a dismissal or disposition of this matter.

**SO ORDERED**.

                                          s/PATRICK J. DUGGAN
                                          UNITED STATES DISTRICT JUDGE

Copies to:
Malvin Louis Rushton, #157929
Earnest C. Brooks Correctional Facility
2500 S. Sheridan Drive
Muskegon, MI 49444

Brad H. Beaver, Esq.

---

[1] In other words, Petitioner's motion and amended petition should include the same case caption and number.